IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br><br>vs.<br><br>DINO NICK MITCHELL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA<br><br><br><br>Case No. 2:07-CR-149 TS |

This matter is before the Court on Defendant's Motion to Withdraw Guilty Plea. For the reasons, discussed below the Court will deny the Motion.

## I.  BACKGROUND

On March 7, 2007, Defendant and four others were indicted on one count of conspiracy to transport stolen securities in violation of 18 U.S.C. §§ 371 and 2314.  Each co-Defendant pleaded guilty and has been sentenced.  Defendant, however, sought to proceed to trial.  Defendant's trial was scheduled to begin on June 9, 2008.

On the morning of trial, Defendant informed the Court that he wished to enter a guilty plea.  The Court engaged in a detailed plea colloquy with Defendant.  Based on that colloquy, the Court found Defendant competent and capable of entering an informed plea, that his plea was

entered knowingly and voluntarily, that he knew his rights and had waived those rights, that he was aware of the nature of the charges against him and the consequences of his plea, and that the plea was supported by an independent basis in fact containing the essential elements of the offense.  Based on these findings, the Court accepted Defendant's guilty plea and adjudged him guilty of the crime pleaded to.

At the conclusion of the change of plea hearing, the Court set this matter for sentencing. Before the sentencing date, however, Defendant sent the Court a letter.[1]  In that letter, Defendant asserted his innocence and alleged that his attorney had pressured him to enter a guilty plea. Defendant did not seek to withdraw his plea, but rather sought house arrest, placement in a half-way house, or probation.

On the day of Defendant's sentencing, Defendant appeared before the Court and sought new counsel.  Defendant's request for new counsel was granted.  Through his counsel, Defendant has now filed a Motion seeking to withdraw his guilty plea.

## II.  DISCUSSION

Federal Rule of Criminal Procedure 11(d) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal.[2]  The Court determines whether a defendant can show "a fair and just reason" by reviewing the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the

---

[1]Docket No. 188.

[2]Fed.R.Crim.P. 11(d)(2)(B).

court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.[3]  Considering these factors, the Court finds that they weigh against Defendant.

First, Defendant argues that he has asserted his innocence.  Defendant states that he has done this in two ways: (1) denying knowledge that the bonds were stolen during his first interview with law enforcement; and (2) denying his guilt in a letter written to the Court.  While it is true that Defendant has in the past and is currently asserting his innocence, in the plea agreement and during the change of plea hearing, Defendant stated that he was guilty and provided a detailed account of his involvement in the criminal activity at issue.[4]

The Court finds that this factor is ambiguous at best.  The Tenth Circuit, in *United States v. Siedlik*,[5] found that a defendant had not asserted his innocence where "he specifically stated that he was guilty and provided detailed accounts of his crimes both in the plea agreement and at the change-of-plea hearing."[6]  Here, Defendant specifically stated that he was guilty during the change of plea hearing and, at that hearing, provided a detailed account of his crime.

Second, the Court finds that the government will be prejudiced if Defendant's Motion is granted.  The government indicates that it will be prejudiced by having to re-do substantial amounts of work already done.  The Tenth Circuit has found that forcing the government to

---

[3]*See United States v. Black*, 201 F.3d 1296,1299–30 (10th Cir. 2000).

[4]*See* Docket Nos. 186 and 207.

[5]231 F.3d 744 (10th Cir. 2000).

[6]*Id*. at 749.

undergo trial preparation again constitutes prejudice.[7]  In addition to further trial preparation, the government will be prejudiced by being forced to subpoena witnesses and pay travel expenses.[8]  Further, one of Defendant's co-defendants has already been sentenced and received the benefit of the government's motion for substantial assistance.  "Consequently, [his] incentive to provide truthful and complete testimony in a future trial of [Defendant] is now greatly reduced."[9]  Finally, the government will be prejudiced by the problems inherent in the passage of time, such as fading memories.  These considerations weigh against granting the Motion.

The third factor the Court considers is whether Defendant has delayed in filing the motion.  Defendant pleaded guilty on June 9, 2008.  On June 24, 2008, Defendant wrote a letter to the Court.  In that letter, Defendant did not ask to withdraw his guilty plea, but maintained his innocence.  At the sentencing hearing, on August 20, 2008, Defendant sought new counsel.  After he was appointed new counsel, the instant Motion was filed on October 8, 2008.  While the filing of the actual Motion took place nearly four months after the change of plea hearing, Defendant began asserting his innocence as early as June 24, 2008.  Based on the circumstances presented, the Court cannot find that Defendant delayed in filing his Motion.  Thus, this factor weighs in favor of Defendant's Motion.

---

[7]*Id*. ("[W]ithdrawal likely would prejudice the government by forcing it to undergo much of the same process it already completed.").

[8]*United States v. Jones*, 168 F.3d 1217, 1220 (10th Cir. 1999) (noting that locating witnesses and paying travel expenses is a factor to consider when determining prejudice to the government).

[9]*United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996).  *See also* Docket No. 223, at 10 n.5 (stating that co-defendant has expressed some fear and reluctance relating to the consequences of his cooperation).

Fourth, the Court would be inconvenienced if the motion is granted.  The Court has already spent considerable time considering pre-trial motions and in preparing for the trial in this matter that was originally scheduled to being on June 9, 2008.  If Defendant were allowed to withdraw his plea, the Court would have to repeat this preparation and "would have to set aside time for a new trial—an obvious inconvenience."[10]

Fifth, Defendant concedes that he had competent counsel throughout this case.

Sixth, the Court must consider whether Defendant's plea was knowing and voluntary.  While Defendant now alleges that his plea was not knowing and voluntary, Defendant's statements in the Rule 11 plea colloquy and the Statement in Advance of Plea "leave[] little doubt that his plea was knowing and voluntary."[11]

During the plea colloquy, the Court explained to Defendant the rights he had and that he would be relinquishing those rights by entering into the agreement.  The Court explained the charge against Defendant, requiring the government to outline the elements of the offense that it would have to prove at trial.  The Court also explained the maximum possible penalty of the offense.  The Court went on to discuss the terms of the proposed agreement and Defendant stated that he understood the agreement.  The Court then read to Defendant the fact statement contained in the Statement in Advance of Plea which provided the factual basis for his plea.  After having been read the fact statement, Defendant stated that it was a completely true statement.  Further, Defendant stated that no one had threatened or forced him to plead guilty.

---

[10]*United States v. Graham*, 466 F.3d 1234, 1238 (10th Cir. 2006).

[11]*Id*. at 1239.

Based on that colloquy, the Court found Defendant competent and capable of entering an informed plea, that his plea was entered knowingly and voluntarily, that he knew his rights and had waived those rights, that he was aware of the nature of the charges against him and the consequences of his plea, and that the plea was supported by an independent basis in fact containing the essential elements of the offense.  Based on these findings, the Court accepted Defendant's guilty plea and adjudged him guilty.

Defendant also signed his Statement in Advance of Plea which stated, among other things, the following: "No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.  No one has told me that I would receive probation or any other form of leniency because of my plea. . . .  My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding . . . .  I have no mental reservations concerning the plea."[12]

All of the above factors lead the Court to the conclusion that Defendant's plea was knowing and voluntary.  Defendant argues, however, that he was coerced into changing his plea by his former counsel.  According to Defendant, his former counsel advised him that he only had a 2% change of winning at trial and that he would face harsher punishment if he were to go to trial and lose.

The Tenth Circuit addressed a similar situation in *United States v. Carr*.  In that case, the defendant complained that he was "'hounded, browbeaten and yelled at' by [his counsel] to accept the plea."[13]  When the defendant refused, his counsel called him various names.

---

[12]Docket No. 186, at 7–8.

[13]*Carr*, 80 F.3d at 417.

Additionally, the defendant's counsel had told him that if he insisted on going to trial he would almost certainly be convicted and would face a harsher sentence.  The Tenth Circuit found:

> While these pressures might have been palpable to Appellant, they do not vitiate the voluntariness of his plea; it was still his choice to make.  Indeed, the thorough exchange between the court and Appellant during administration of the Rule 11 protocol . . . clearly demonstrates that Appellant entered his plea willingly and voluntarily at the time he made it.[14]

Similarly here, Defendant claims that his former counsel coerced him to enter into the plea agreement.  While it may be true that Defendant's former counsel advised him that he had a low chance of prevailing at trial and that he could face greater punishment if he did not prevail at trial, ultimately it was Defendant's decision to enter into the plea.  The Rule 11 plea colloquy here clearly demonstrates that Defendant entered his plea knowingly and voluntarily.  Further, the time for Defendant to make these arguments was at the change of plea hearing.  "After freely and voluntarily pleading guilty, [Defendant] cannot now complain that he did so under duress."[15] Based on all of these things, the Court finds that this factor weighs against Defendant's Motion.

Finally, for the same reasons that the Court would be inconvenienced by a plea withdrawal, judicial resources would also be wasted.

Having considered the factors set forth above, the Court finds that Defendant has not shown a fair and just reason for requesting the withdrawal.  Therefore, his Motion will be denied.

---

[14]*Id.*

[15]*Jones*, 168 F.3d at 1220.

III.  CONCLUSION

It is therefore

ORDERED that Defendant' Motion to Withdraw Guilty Plea (Docket No. 213) is

DENIED.  The Court will proceed to sentencing on January 26, 2009, at 2:30 p.m.

DATED   November 25, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge