IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DINO NICK MITCHELL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER<br><br><br><br>Case No. 2:07-CR-149 TS |

This matter is before the Court on Defendant's Motion to Reconsider.  Defendant seeks reconsideration of the Court's previous Order denying his Motion to Withdraw Guilty Plea.[1]  The Court held oral argument on the Motion on March 2, 2009.  For the reasons discussed below, the Court will grant Defendant's Motion to Reconsider and will allow him to withdraw his previously entered guilty plea.

As discussed in the Court's previous Order, Federal Rule of Criminal Procedure 11(d) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if the defendant can show a fair and just reason for requesting the withdrawal.[2]

---

[1] Docket No. 224.

[2] Fed.R.Crim.P. 11(d)(2)(B).

1

The Court determines whether a defendant can show "a fair and just reason" by reviewing the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.[3]

In its previous Order, the Court found that all factors, with the exception of the third and possibly the first, weighed against Defendant. In the instant Motion, Defendant re-argues the first, second, fourth, fifth, and sixth factors. Additionally, Defendant has presented evidence to the Court relating to the fifth factor—the quality of the defendant's assistance of counsel. Based on this Motion, the evidence presented therein, and the arguments made at oral argument, the Court finds that it is appropriate to allow Defendant to withdraw his guilty plea.

The first factor the Court is to consider is whether Defendant has asserted his innocence. The Court finds that this factor is the most important of the factors it must consider. In this case, as Defendant points out, he has maintained his innocence throughout the course of this matter, with only one exception. That exception, of course, was Defendant's guilty plea and the fact that Defendant entered into a knowing and voluntary plea is not lost on the Court. However, Defendant has raised enough of an issue of his innocence that this factor weighs in favor of granting the Motion.

Defendant concedes, as he must, that the second and fourth factors—prejudice to the government and inconvenience to the Court—weigh against him. Additionally, Defendant does

---

[3] *See United States v. Black*, 201 F.3d 1296, 1299-30 (10th Cir. 2000).

not address the Court's previous finding regarding waste of judicial resources. Thus, this factor weighs against him as well. However, the prejudice to the government, inconvenience to the Court, and waste of resources must be weighed against Defendant's constitutional right to trial by jury.[4] The Court believes that, in this case, Defendant's constitutional right outweighs the prejudice to the government, the inconvenience to the Court, and the waste of judicial resources. In the words of John Adams: "The reason is, because it's of more importance to community, that innocence should be protected, than it is, that guilt should be punished."[5]

Defendant next argues the quality of his assistance of counsel. In his initial Motion, Defendant conceded that he had competent counsel throughout the case. In this Motion, Defendant states that "the issue is not one of Mr. Mitchell having received poor counsel in the sense of being ineffective."[6] Rather, Defendant argues that there was a breakdown in the relationship between himself and his former counsel. In support of his contention, Defendant presents two letters written by his previous attorney in February 2008. One of the letters was written to Defendant and the other to his brother. Defendant argues that these letters show that the element of trust was missing in the relationship between Defendant and his prior counsel.

In reviewing the letters, one thing becomes clear: Defendant's former counsel believed that he should plead guilty and advised him to do so. The Court does not doubt that this advice was sound and based on a review of all options available to Defendant. However, the Court is concerned about any undue pressure which Defendant's former counsel may have exerted on him

---

[4] U.S. Const. art. III, § 2; U.S. Const. amend VI.

[5] David McCullough, John Adams 68 (2001).

[6] Docket No. 226, at 4.

to plead guilty. This concern is especially acute here considering Defendant's lack of reading skills,[7] lack of education,[8] and general lack of understanding of the legal system.[9] Because of these unique issues, the Court believes that Defendant may have been more susceptible to pressure put on him to change his plea.

The Court wishes to make perfectly clear that the Court does not find that Defendant's prior counsel was constitutionally ineffective. Just the opposite is true. The Court believes that Defendant's prior counsel engaged in just the sort of open and frank discussions that all criminal defense attorneys must have with their clients in order to effectively represent them. However, the Court is concerned enough about the pressure placed on Defendant to plead guilty, especially in light of those personal characteristics discussed above, that it finds that this factor weighs in favor of allowing Defendant to withdraw his plea.

Finally, Defendant argues about the knowing and voluntary nature of his plea. As addressed in the Court's previous Order, this factor weighs against Defendant and nothing Defendant has argued in the instant Motion changes that result.

For the reasons discussed above, the Court finds that Defendant's Motion to Reconsider should be granted and he should be allowed to withdraw his guilty plea. The Court wishes to stress that this is an extremely close case. The factors the Court has considered are nearly evenly split. However, the most important factor, in the Court's mind, is Defendant's assertion of his

---

[7] During the change of plea hearing, Defendant's former counsel indicated that she had read the plea agreement to Defendant. Docket No. 207 at 11.

[8] During the change of plea hearing, Defendant indicated that he had an Eighth grade education. *Id*. at 4.

[9] *See* Docket No. 188.

innocence. The Court believes that this factor, coupled with Defendant's constitutional right to trial by jury, outweigh the prejudice and inconvenience that will arise as a result of the withdrawal of Defendant's guilty plea.

It is therefore

ORDERED that Defendant's Motion to Reconsider (Docket No. 225) is GRANTED. The Court will convert the March 27, 2009 hearing to a scheduling conference to set a trial date.

DATED   March 9, 2009.

>BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge