IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>DINO NICK MITCHELL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING THE GOVERNMENT'S MOTION IN LIMINE<br><br><br><br>Case No. 2:07-CR-149 TS |

This matter is before the Court on the government's Motion in Limine.  In its Motion, the government seeks to introduce, in its case-in-chief, the statements made by Defendant in his Statement in Advance of Plea and during his plea colloquy.  For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

On March 7, 2007, Defendant and four others were indicted on one count of conspiracy to transport stolen securities in violation of 18 U.S.C. §§ 371 and 2314.  Each co-Defendant has pleaded guilty and been sentenced.  Defendant, however, sought to proceed to trial.  Defendant's trial was scheduled to begin on June 9, 2008.

1

On the morning of trial, Defendant informed the Court that he wished to enter a guilty plea.  The Court engaged in a detailed plea colloquy with Defendant.[1]  Based on that colloquy, the Court found Defendant competent and capable of entering an informed plea, that his plea was entered knowingly and voluntarily, that he knew his rights and had waived those rights, that he was aware of the nature of the charges against him and the consequences of his plea, and that the plea was supported by an independent basis in fact containing the essential elements of the offense.[2]  Based on these findings, the Court accepted Defendant's guilty plea and adjudged him guilty of the crime pleaded to.[3]

Defendant's Statement in Advance of Plea contained a statement of facts.[4]  At the change of plea hearing, Defendant was read that statement of facts and agreed that it was a completely true statement.[5]

Defendant's Statement in Advance of Plea also contained the following:

> I agree that if the Court finds that I have failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the defendant's statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding.[6]

---

[1] Docket No. 207.

[2] *Id*. at 23.

[3] *Id*.

[4] Docket No. 186, ¶ 12.

[5] Docket No. 207, at 19-21.

[6] Docket No. 186, ¶ 13(d).

The government highlighted this provision during the change of plea hearing, stating: "the defendant is agreeing that if in some event he were to plead guilty and then be allowed to withdraw his plea at a later time, that he would not raise any objection to the statements made here today being used against him."[7]  The Court found, at the change of plea hearing[8] and now on two other occasions,[9] that Defendant's plea was knowing and voluntary.

Defendant was later allowed to withdraw his plea[10] and is scheduled to proceed to trial on May 26, 2009.  The government now requests that those statements made by Defendant in his Statement in Advance of Plea and during the plea colloquy be admitted in its case-in-chief.

## II.  DISCUSSION

Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence govern the admissibility of the statements at issue here.  Rule 11(f) states: "The admissibility of a plea, a plea discussion, and any related statement is governed by Federal Rules of Evidence 410."  Rule 410 provides:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussion:
> (1) a plea of guilty which was later withdrawn;
> (2) the plea of nolo contendre;
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or

---

[7]Docket No. 207, at 13.

[8]*Id*. at 23.

[9]Docket Nos. 224 and 241.

[10]Docket No. 241.

(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Normally, under these rules, Defendant's statements would not be admissible. However, Defendant's plea agreement contained a waiver, quoted above. The Supreme Court addressed the validity of such waivers in *United States v. Mezzanatto*.[11] In *Mezzanatto*, the defendant and his attorney asked to meet with the prosecutor to discuss the possibility of cooperating. The prosecutor agreed. At the meeting, the prosecutor informed the defendant that he had no obligation to talk, but that if he did he would have to be completely truthful. As a condition, the prosecutor indicated that the defendant would "have to agree that any statements he made during the meeting could be used to impeach any contradictory testimony he might give at trial if the case proceeded that far."[12] The defendant agreed to the prosecutor's terms.

During this meeting, the defendant made certain admissions. However, the prosecutor terminated the meeting because of the defendant's failure to provide completely truthful information. The defendant eventually went to trial and took the stand in his own defense, making statements inconsistent with those made to the prosecutor at the meeting. The prosecutor, over the objection of defense counsel, cross-examined the defendant about the prior inconsistent statements. The defendant denied having made certain statements and the prosecutor called one of the agents who had attending the meeting to recount the prior statements.

The Supreme Court rejected the defendant's challenge to the use of these statements. The Court held "that absent some affirmative indication that the agreement was entered into

---

[11] 513 U.S. 196 (1995).

[12] *Id*. at 198.

4

unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statements Rules is valid and enforceable."[13]   In a concurring opinion, Justice Ginsburg, joined by Justices O'Connor and Breyer, noted that the Court's holding was limited to the use of such statements to impeach.  Justice Ginsburg stated: "It may be, however, that a waiver to use such statements in the case in chief would more severely undermine a defendant's incentive to negotiate, and thereby inhibit plea bargaining."[14]

Some courts have limited *Mezzanatto* to the use of statements for impeachment or rebuttal purposes.[15]   However, those courts only addressed waivers which allowed for use of statements for impeachment or rebuttal.[16]  Thus, the courts did not have an opportunity to address the broader question of whether such statements can be used in the government's case-in-chief.[17]

Some courts have extended *Mezzanatto* to cover the use of such statements in the government's case-in-chief.  *United States v. Burch*,[18] provides the most in-depth analysis.  In

---

[13]*Id*. at 210.

[14]*Id*. at 211 (Ginsburg, J., concurring).

[15]*United States v. Velez*, 354 F.3d 190, 196 (2d Cir. 2004); *United States v. Rebbe*, 314 F.3d 402, 407 (9th Cir. 2002); *United States v. Krilich*, 159 F.3d 1020, 1025-26 (7th Cir. 1998).

[16]*Velez*, 354 F.3d at 192 (addressing waiver which allowed the government to use statements "to rebut any evidence or arguments offered by or on behalf of [defendant]"); *Rebbe*, 314 F.3d at 404 (addressing waiver allowing government to use statement made by defendant "for the purposes of cross-examination" should defendant testify "or to rebut any evidence, argument or representations" offered by or on behalf of defendant in connection with trial); *Krilich*, 159 F.3d at 1025 (addressing agreement allowing government to use statements if defendant were to "testify contrary to the substance of the proffer or otherwise present a position inconsistent with the proffer").

[17]*See Rebbe*, 314 F.3d at 407 n.1 (noting that issue of whether statements could be used in government's case-in-chief was not before the court and need not be explored in that appeal).

[18]156 F.3d 1315 (D.C. Cir. 1998).

*Burch*, the defendant made various statements during the change of plea hearing.  The defendant's plea agreement contained a waiver similar to that contained in Defendant's Statement in Advance of Plea.  This waiver, like the waiver at issue here, was not limited to introduction of the statements for impeachment or rebuttal purposes.  After he pleaded guilty, the defendant in *Burch*, claiming his innocence, sought to withdraw his plea.  The trial court allowed him to withdraw his plea, but announced its intention to hold the defendant to the waiver portion of the plea agreement.  The trial court allowed the prosecution to use the defendant's statements made at the change of plea hearing in their case-in-chief.

The court in *Burch* began with a discussion of *Mezzanatto*.  The court noted that although the language in that case was broad, the Supreme Court faced a narrower question.  The Court in *Mezzanatto* only had to decide whether the protections in Rules 11(f) and 410 could be waived for the purposes of impeachment or rebuttal, as that was the extent of the agreement between the government and the defendant in that case.  In *Burch*, however, the court faced the additional question of whether those rules could be waived for purposes of the prosecution's case-in-chief. The court stated that it could not "discern any acceptable rationale for not extending the majority opinion in *Mezzanatto* to this case."[19]  The court found that the principles that supported the decision in *Mezzanatto* "do not countenance drawing any distinction in this case between permitting waivers for purposes of impeachment or rebuttal and permitting waivers for the prosecution's case-in-chief."[20]

---

[19]*Id*. at 1321.

[20]*Id*.

Further, the court rejected two arguments made in support of restricting *Mezzanatto* to rebuttal and impeachment.  The court found that the first argument—that by enacting Rules 11(f) and 410, Congress had signaled an intent to promote candor in plea discussions—had been rejected by *Mezzanatto*.  The second argument—that such waivers would impact the willingness of defendants to engage in plea negotiations—was less of a concern because the waiver at issue was "executed as a result of plea negotiations, rather than as a condition for such negotiations."[21] Based on this, the court affirmed the trial court's decision to allow the introduction of these statements in the government's case-in-chief.

Other courts have also concluded that the government may use such statements in the government's case-in-chief.[22]

In another case, the Northern District of New York upheld a waiver similar to that contained in Defendant's Statement in Advance of Plea.[23]  Unlike the defendant in *Mezzanatto,* "[d]efendant made the statements at issue in this case and signed the waiver after negotiations had been completed."[24]  While the court noted the fear of the three concurring justices in *Mezzanatto* that broad waivers may subvert the Rules' goal of encouraging plea bargaining, the court concluded that enforcing waivers entered into after negotiations were completed had no such subversive effect.  Consequently, the court found that the waiver was effective.

---

[21]*Id*. at 1322.

[22]*United States v. Young*, 223 F.3d 905, 911 (8th Cir. 2000) (stating "the government is entitled to the benefit of its bargain and may use the affidavit in its case against Young"); *United States v. El-Amin*, 268 F.Supp. 2d 639, 642 (E.D. Va. 2003) (citing *Burch* and stating that "the United States may offer the Statement of Facts as evidence in its case in chief").

[23]*United States v. Fabricius*, No. 95-CR-190, 1996 WL 705888, *3 (N.D.N.Y. 1996)

[24]*Id*.

7

Similar to Defendant in this case, the defendant in *Fabricius* asserted that, regardless of whether the waiver was effective, the statements should be excluded because the "probative value is substantially outweighed by the danger of unfair prejudice."[25]  The court held that "[g]iven the highly probative nature of the defendant's admission—with the assistance of counsel—to facts arguably constituting the crime charged, the attendant prejudice to [defendant] does not outweigh the probative value of the statements."[26]

Considering the above, the Court will grant the government's Motion in Limine and will allow the government to present the statements made by Defendant in the Statement in Advance of Plea and during the plea colloquy in its case-in-chief.  While these statements would not normally be admissible under Rules 11(f) and 410, Defendant knowingly and voluntarily waived the protections provided by those rules in his plea agreement.  The Supreme Court has held that such protections can be waived.[27]  Though the Court in *Mezzanatto* only addressed the issue of use of such statements for impeachment purposes, the Court can discern no reason not to extend *Mezzanatto* to this case.  This is especially true where, as here, the waiver was "executed as a result of plea negotiations, rather than as a condition for such negotiations."[28]  Further, the statements are highly probative and their probative value is not substantially outweighed by their prejudicial effect.  Therefore, the statements are admissible under Fed.R.Evid. 403.

---

[25] *Id.*

[26] *Id.*

[27] *Mezzanatto*, 513 U.S. at 210.

[28] *Burch*, 156 F.3d at 1322.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion in Limine (Docket No. 251) is GRANTED.

DATED   May 18, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge