IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>DINO NICK MITCHELL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL<br><br><br><br>Case No. 2:07-CR-149 TS |

This matter is before the Court on Defendant's Motion for a Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29.  Defendant orally made the Motion during trial and the Court denied the Motion.  This Order reflects the Court's reasoning in denying the Motion.

## I.  RULE 29 STANDARD

Federal Rule of Criminal Procedure 29(a) provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  The court may on its own consider whether the evidence is insufficient to sustain a conviction.  If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

When presented with a motion under Rule 29, the Court must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.[1]

## II.  DISCUSSION

Defendant is charged in the Indictment with conspiracy to transport stolen securities in interstate commerce in violation of 18 U.S.C. §§ 371 and 2314.  "To prove conspiracy, the government must show (1) two or more persons agreed to violate the law, (2) the defendant knew the essential objectives of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy, and (4) the alleged coconspirators were interdependent."[2]

The government has presented sufficient evidence as to each of these elements to survive a Motion for a Judgment of Acquittal.  There is evidence from which the jury could conclude that Defendant agreed with at least one other person, the former co-Defendants in this case, to violate the law, namely transporting stolen securities in interstate commerce.  There is also evidence from which the jury could conclude that Defendant knew of the essential objective of the conspiracy.  Danny Leo testified that Defendant participated in conversations where the objective of the conspiracy, the transportation of stolen securities, was discussed.  Further, there is evidence from which a jury could find that the Defendant knowingly and voluntarily participated in the conspiracy.  This evidence includes testimony that Defendant: participated in the discussions with the others concerning the bonds, traveled from Phoenix to Sacramento and did so by driving his own car, gave Danny Leo $400 which was used to help pay for the expense of

---

[1]*United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001).

[2]*United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006).

2

getting from Phoenix to Sacramento, and travelled from Sacramento with intended travel to Chicago.  Finally, there is evidence from which a jury could conclude that the coconspirators were interdependent.  There is evidence from which the jury could find that: Donny Green stole the bonds, Defendant asked Danny Leo if he knew how to get rid of the bonds, and Danny Leo put the others in contact with Steve Costello whom they hoped could help sell the bonds.

Based on the above, the government has presented sufficient evidence from which the jury could find the existence of a conspiracy and that Defendant was a member of that conspiracy.

As indicated, Defendant is charged with conspiring to transport, transmit, or transfer securities in interstate commerce.  In order to meet its burden, the government must prove beyond a reasonable doubt that the defendant intended to break the law by agreeing to commit the following three elements:

1.      the transportation, transmittal, or transfer in interstate commerce of items stolen, converted, or fraudulent obtained property as described in the Indictment;

2.      at the time of such agreement to transport, transmit, or transfer, the defendant knew that the property had been stolen, converted, or taken by fraud; and

3.      the items had a value of $5,000 or more.[3]

The parties have stipulated that the bonds in this case were stolen and that they were transported, transmitted, or transferred in interstate commerce.  The parties have also stipulated that the bonds had a value of $5,000 or more.  Thus, the only element at issue is whether, at the

---

[3]Jury Instruction No. 17.

time of the agreement, the Defendant knew that the property had been stolen, converted, or taken by fraud.

There is evidence from which the jury could conclude that Defendant knew that the bonds were stolen.  In particular, Danny Leo testified that Donny Green stated that the bonds were taken from a house in Spraks, Nevada.  Danny Leo further testified that Defendant was present when that statement was made.  From this, the jury could conclude that Defendant knew that the bonds were stolen.

Based on the above, there is sufficient evidence from which a jury could find Defendant guilty of the offense charged in the indictment.  Defendant's Rule 29 Motion will, therefore, be denied.

## III.  CONCLUSION

It is therefore ORDERED that Defendant's Motion for a Judgment of Acquittal is DENIED.

DATED   June 1, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge