IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DINO NICK MITCHELL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR CONTINUED RELEASE PENDING APPEAL<br><br><br><br>Case No. 2:07-CR-149 TS |

This matter is before the Court on Defendant's Motion for Continued Release Pending Appeal. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On March 7, 2007, Defendant and four others were indicted on one count of conspiracy to transport stolen securities in violation of 18 U.S.C. §§ 371 and 2314. Defendant's trial was scheduled to begin on June 9, 2008.

On the morning of trial, Defendant informed the Court that he wished to enter a guilty plea. The Court engaged in a detailed plea colloquy with Defendant.[1] Based on that colloquy,

---

[1] Docket No. 207.

1

the Court found Defendant competent and capable of entering an informed plea, that his plea was entered knowingly and voluntarily, that he knew his rights and had waived those rights, that he was aware of the nature of the charges against him and the consequences of his plea, and that the plea was supported by an independent basis in fact containing the essential elements of the offense.[2]  Based on these findings, the Court accepted Defendant's guilty plea and adjudged him guilty of the crime pleaded to.[3]

Defendant's Statement in Advance of Plea contained a statement of facts.[4]  At the change of plea hearing, Defendant was read that statement of facts and agreed that it was a completely true statement.[5]

Defendant's Statement in Advance of Plea also contained the following paragraph:

> I agree that if the Court finds that I have failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the defendant's statements pursuant to this agreement, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding.[6]

The government highlighted this provision during the change of plea hearing, stating: "the defendant is agreeing that if in some event he were to plead guilty and then be allowed to withdraw his plea at a later time, that he would not raise any objection to the statements made

---

[2]*Id.* at 23.

[3]*Id.*

[4]Docket No. 186, ¶ 12.

[5]Docket No. 207, at 19-21.

[6]Docket No. 186, ¶ 13(d).

here today being used against him."[7]  The Court found, at the change of plea hearing[8] and on two later occasions,[9] that Defendant's plea was knowing and voluntary.

Defendant was later allowed to withdraw his plea[10] and was permitted to proceed to trial. Prior to trial, the government moved, in limine, to admit the statements made by Defendant in his Statement in Advance of Plea and his plea colloquy in the government's case-in-chief.  The Court granted the government's Motion in Limine.

Defendant proceeded to trial on May 26, 2009.  At the end of trial, the jury found Defendant guilty.  The Court sentenced Defendant to 27 months in the custody of the Bureau of Prisons ("BOP").  Defendant is to self-surrender at the facility designated by the BOP by September 21, 2009.

Defendant has since filed an appeal arguing, *inter alia*, that the Court erred in admitting his prior plea into evidence.  Defendant has also filed the instant Motion seeking to remain released while his appeal is pending.

## II.  DISCUSSION

Defendant makes his Motion pursuant to 18 U.S.C. § 3143(b)(1).  That provision states:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

---

[7] Docket No. 207, at 13.

[8] *Id*. at 23.

[9] Docket Nos. 224 and 241.

[10] Docket No. 241.

>(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>(i) reversal,
>(ii) an order for a new trial,
>(iii) a sentence that does not include a term of imprisonment, or
>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The government concedes that Defendant is not likely to flee or pose a danger to the safety of any other person or the community, that the appeal is not solely for the purpose of delay, and that, if Defendant is successful on appeal, it would likely result in reversal or an order for a new trial. Thus, the only issue before the Court is whether Defendant's appeal raises a substantial question of law or fact.

The Tenth Circuit has defined a substantial question as "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way."[11] The mere fact that a question has not been decided in this circuit does not create a substantial question where there is "no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits."[12] "[W]hether a particular question is "substantial" must be determined on a case-by-case basis . . . ."[13]

---

[11] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quotation marks and citations omitted).

[12] *Id.* (quotation marks and citations omitted).

[13] *Id.*

Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence govern the admissibility of the statements at issue here. Rule 11(f) states: "The admissibility of a plea, a plea discussion, and any related statement is governed by Federal Rules of Evidence 410."

Rule 410 provides:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussion:
> (1) a plea of guilty which was later withdrawn;
> (2) the plea of nolo contendre;
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
> (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

Normally, under these rules, the statements made by Defendant in his Statement in Advance of Plea and plea colloquy would not be admissible. However, Defendant's plea agreement contained the waiver quoted above.

The Supreme Court addressed the validity of such waivers in *United States v. Mezzanatto*.[14] The Court held "that absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statements Rules is valid and enforceable."[15] In a concurring opinion, Justice Ginsburg, joined by Justices O'Connor and Breyer, noted that the Court's holding was limited to the use of such statements to impeach. Justice Ginsburg stated: "It may be, however, that a waiver to use

---

[14] 513 U.S. 196 (1995).

[15] *Id.* at 210.

such statements in the case in chief would more severely undermine a defendant's incentive to negotiate, and thereby inhibit plea bargaining."[16]

Some courts have limited *Mezzanatto* to the use of statements for impeachment or rebuttal purposes.[17] However, those courts only addressed waivers which allowed for use of statements for impeachment or rebuttal.[18] Thus, those courts did not have an opportunity to address the broader question of whether such statements can be used in the government's case-in-chief.[19] Other courts have extended *Mezzanatto* to allow the use of such evidence in the government's case-in-chief.[20] The Tenth Circuit has not addressed the issue.

With this background in mind, the Court finds that Defendant has not shown that his appeal raises a substantial question. Defendant is unable to point to any case where a court, faced with a similar set of circumstances, has reached a different conclusion than that reached by this Court. The only courts of appeal to address the issue of whether such statements can be used

---

[16]*Id*. at 211 (Ginsburg, J., concurring).

[17]*United States v. Velez*, 354 F.3d 190, 196 (2d Cir. 2004); *United States v. Rebbe*, 314 F.3d 402, 407 (9th Cir. 2002); *United States v. Krilich*, 159 F.3d 1020, 1025-26 (7th Cir. 1998).

[18]*Velez*, 354 F.3d at 192 (addressing waiver which allowed the government to use statements "to rebut any evidence or arguments offered by or on behalf of [defendant]"); *Rebbe*, 314 F.3d at 404 (addressing waiver allowing government to use statement made by defendant "for the purposes of cross-examination" should defendant testify "or to rebut any evidence, argument or representations" offered by or on behalf of defendant in connection with trial); *Krilich*, 159 F.3d at 1025 (addressing agreement allowing government to use statements if defendant were to "testify contrary to the substance of the proffer or otherwise present a position inconsistent with the proffer").

[19]*See Rebbe*, 314 F.3d at 407 n.1 (noting that issue of whether statements could be used in government's case-in-chief was not before the court and need not be explored in that appeal).

[20]*United States v. Young*, 223 F.3d 905, 911 (8th Cir. 2000); *United States v. Burch*, 156 F.3d 1315, 1321-22 (D.C. Cir. 1998); *United States v. El-Amin*, 268 F.Supp. 2d 639, 642 (E.D. Va. 2003).

in the government's case-in-chief when the waiver allows for such use have both extended *Mezzanatto* to allow for use of such statements.[21] While the Tenth Circuit has not addressed the issue, this alone does not create a substantial question.[22] Rather, this is a situation where there is no reason to believe that the Tenth Circuit would depart from the resolution of this issue by other circuits.[23] This is especially true considering the Tenth Circuit precedent concerning waivers in other circumstances, such as a waiver of appellate rights.[24]

III. CONCLUSION

It is therefore

ORDERED that Defendant Motion for Continued Release Pending Appeal (Docket No. 310) is DENIED.

DATED   September 1, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[21]*Young*, 223 F.3d at 911; *Burch*, 156 F.3d at 1321-22.

[22]*Affleck*, 765 F.2d at 952.

[23]*Id*.

[24]*See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004); *see also Young*, 223 F.3d at 911 (comparing waiver of protections offered by Fed.R.Evid. 410 and Fed.R.Crim.P. 11(f) to waiver of appeal rights).